& Co., Inc. v. United States (9 Cust. Ct. 342, C. D. 710), The Fan Co. v. United States (25 Cust. Ct. 42, C. D. 1261), and Ignaz Strauss & Co., Inc. v. United States (28 Cust. Ct. 280, C. D. 1423), the claim of the plaintiffs was sustained.

No. 57798.—Charles Boas, Inc. v. United States, protest 201938-K (New York).

Opinion by EKWALL, J. An examination of the official papers disclosing no ground for a reversal of the collector's action, which was presumptively correct, the protest was overruled.

No. 57799.—Nicholas & Co., Inc. v. United States, protest 191205-K (Philadelphia).

Opinion by JOHNSON, J. For the reasons stated in Austin, Nichols & Co., Inc. v. United States (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiff was sustained.

No. 57800.—J. J. Boll and Sylvan Ginsbury v. United States, protest 176619-K (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of ½-watt carbon resistors, composed in chief value of metal, used chiefly as parts of radio apparatus, instruments, or devices, the claim of the plaintiffs was sustained.

No. 57801.—J. J. Boll and Grossman Radio & Electric Co. v. United States, protests 210534-K (A), etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of ½-, ¼-, 1-, and 2-watt carbon resistors, composed in chief value of metal, used chiefly as parts of radio apparatus, instruments, or devices, the claim of the plaintiffs was sustained.

No. 57802.—M. Pressner & Co. v. United States, protest 210675-K (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the issues and facts herein are similar in all material respects to those involved in United States v. Browne Vintners Co., Inc. (34 C. C. P. A. 112, C. A. D. 351) and that the merchandise, consisting of 250 gross of item 4110 celluloid flower pins missing in case 74364, was not in fact imported. In accordance with stipulation of counsel and following the decision cited it was held that duty is not assessable upon such portions of the merchandise contained in case 74364, erroneously reported by the landing inspector as case 74362, which were reported by the inspector as manifested, not found. The protest was sustained to this extent.